# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMIE BOWENS,

    Plaintiff,

v.                                              Case No. 17-C-1124

BELINDA SCHRUBBE,
NURSE C. MESSEROLE,
ANN LARSON, RN,
JEFFREY MANLOVE, MD, and
NURSE DE YOUNG,

    Defendants.

## SCREENING ORDER

Plaintiff Jamie Bowens, who is currently incarcerated at New Lisbon Correctional Institution and was incarcerated at Waupun Correctional Institution (WCI) at all times relevant to this case, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff's complaint also raises various state law claims. This matter comes before the court on the plaintiff's petition for leave to proceed without prepaying the full filing fee.

Plaintiff is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing fee of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $89.82. Plaintiff's motion to proceed *in forma pauperis* will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff alleges that, in mid-September 2013, he suffered a torn Achilles tendon. ECF No. 1 at 1. Plaintiff alleges that Defendant De Young, a nurse at WCI, initially treated him by giving him ice, an ACE bandage, and crutches but, contrary to the standard of care, failed to immobilize his leg. *Id.* at 3–4. Plaintiff further alleges that De Young failed to refer him to an orthopedic specialist and failed to order a magnetic residence imaging (MRI). *Id.* Plaintiff alleges that he continued to experience pain through a visit with Defendant

2

Messerole, another nurse at WCI. *Id.* at 4. Messerole scheduled Plaintiff for an MRI and placed him on work restriction but, like Nurse De Young, failed to immobilize his leg or refer him to an orthopedic specialist. *Id.* Plaintiff further alleges that he underwent the MRI on October 2, 2013, but that Defendants Messerole, Larson, Manlove, and De Young waited eleven days to review the results of the MRI despite the results being available on the day of the MRI. *Id.* Furthermore, Plaintiff alleges that he was forced to wait a month to see an orthopedic specialist, during which time Plaintiff continued to experience "excruciating pain." *Id.* at 4–5. Finally, Plaintiff alleges that, as a result of Messerole, Larson, Manlove, and De Young failing to immobilize his leg and timely schedule him for an appointment with an orthopedic specialist, his torn Achilles became inoperable and the orthopedic specialist advised him that he would suffer from permanent muscle loss, loss of range of motion, stiffness, and pain. *Id.* at 6. Plaintiff seeks $500,000.00 in damages. *Id.* at 10.

The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on prison officials to take reasonable measures to ensure that the inmate receives adequate medical care. *Farmer v. Brennan*, 511 U.S. 823, 832 (1994). Prison officials violate the Constitution if they are deliberately indifferent to a prisoner's serious medical needs. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state a claim based on deficient medical care, a plaintiff must demonstrate that he had an objectively serious medical condition and that the defendants were subjectively aware of and consciously disregarded that condition. *Id.* at 837. A medical need is considered sufficiently serious if the inmate's condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (citations omitted). A plaintiff may sustain an

3

Eighth Amendment claim for deliberate indifference based on "a few days' delay in addressing a severely painful but readily treatable condition." *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *see also Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) ("Deliberate indifference may occur where a prison official . . . delays a prisoner's treatment for non-medical reasons, thereby exacerbating his pain and suffering."). "The 'receipt of some medical care does not automatically defeat a claim of deliberate indifference.'" *Perez*, 792 F.3d at 777 (quoting *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007)). Allegations of mere negligence on the part of a medical professional, however, will not provide a basis for a claim for deliberate indifference. *Farmer*, 511 U.S. at 835.

At this stage in the proceedings, Bowens has stated an Eighth Amendment claim against Defendants Messerole, Larson, Manlove, and De Young. Based on the facts above, I cannot say that Bowens' medical condition did not constitute a serious medical need or that prison officials did not demonstrate deliberate indifference to his condition in their failure to review his MRI results promptly and their failure to refer him to an orthopedic specialist at a point in time when his torn Achilles was operable.

To recover under § 1983 a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). An official satisfies the personal responsibility requirement of § 1983 if the conduct causing the deprivation occurs at his direction or with his knowledge and consent. *Id.* At this stage of the litigation, Bowens may proceed with his § 1983 claim against Messerole, Larson, Manlove, and De Young based on Bowens' allegation that they knew of his Achille's heel injury and failed to provide adequate treatment.

4

Bowens may also proceed with his § 1983 claim against Defendant Belinda Schrubbe personally. Bowens alleged that Schrubbe was the HSU manager and was responsible for supervising all of the medical and health care staff within HSU. Bowens alleged that Schrubbe was made aware of Bowens' torn Achilles. Reading Bowens' complaint liberally, as I must do at this stage, I cannot say that Schrubbe was not deliberately indifferent in her knowledge of Bowens' injury and her subsequent inaction. However, Bowens may not proceed against Schrubbe for her staff's alleged deliberate indifference under a supervisory liability theory. Supervisory liability cannot serve as a basis for advancing a claim under 42 U.S.C. § 1983 for a constitutional violation. *Perez*, 792 F.3d at 781. Therefore, Bowens may only proceed against Schrubbe on the individual level, not under a theory of supervisory liability.

To the extent that Bowens is attempting to raise state law claims by alleging a violation of the Wisconsin state constitution, those claims are barred.[1] The state constitution does not authorize suits for money damages for violations of the constitution except in the context of a takings claim. *W.H. Pugh Coal Co. v. State*, 460 N.W. 2d 787, 792–93 (Wis. 1990); *see also Flakes v. Wall*, No. 15-cv-245-slc, 2016 U.S. Dist. LEXIS 185991, at *10 (W.D. Wis. Mar. 9, 2016); *Jackson v. Gerl*, No. 07-cv-656-bbc, 2008 WL 753919, at *6–7 (W.D. Wis. Mar. 19, 2008).

Although Bowens' medical malpractice state law claims appear to be time-barred based off of Bowens' complaint, it is too early in the litigation process to dismiss the claims. Wisconsin Statute § 893.55(1m) provides a statute of limitations for medical malpractice

---

[1] Bowens does not explicitly state what state law claims he is seeking. He simply alleges a violation of the Wisconsin state constitution on the first page of his complaint and does not mention it again. ECF No. 1 at 1.

5

claims of three years from the date of the injury or one year from the date the injury was discovered, whichever is later. Bowens' injury occurred on September 19, 2013. On October 22, 2013, Bowens saw the orthopedic specialist, who informed him that it was too late to do the surgery. Therefore, Bowens had until October 22, 2016, to file a medical malpractice claim. He did not file his complaint until August 14, 2017, almost ten months past that deadline. However, because the statute of limitations is an affirmative defense, the Seventh Circuit has cautioned against applying it this early in litigation. *Lewis v. Stenz*, 637 F. App'x 943, 944 (7th Cir. 2016) ("Only when the outcome is uncontestable should the district court apply a statute of limitations to dismiss a lawsuit before the defendants have been served with process.") (citations omitted). At this point, I cannot say that Bowens' medical malpractice claims are uncontestably barred by the statute of limitations.

To plead a medical malpractice claim, Bowens need only plead that a negligent act or omission caused an injury. *Paul v. Skemp*, 625 N.W.2d 860, 865 (Wis. 2001). At this stage in litigation, Bowens has sufficiently pled a medical malpractice claim against Defendants Messerole, Larson, Manlove, and De Young for failing to immobilize his leg and for failing to timely review his MRI and refer him to an orthopedic specialist. Additionally, I cannot say that Bowens has failed to sufficiently plead a medical malpractice claim against Defendant Schrubbe for failing to act when she knew of his injury and oversaw the HSU.

Therefore, Bowens may proceed on the following claims: his § 1983 claim for deliberate indifference and his medical malpractice claim against all defendants.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims arising under the Wisconsin Constitution are **DISMISSED**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the $260.18 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that copies of this order be sent to the officer in charge of the agency where the plaintiff is confined, the New Lisbon Correctional Institution.

**IT IS FURTHER ORDERED** that this case be **REFERRED** back to the United States Magistrate Judge assigned to this case for further proceedings.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Honorable Nancy Joseph
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

**SO ORDERED** this 20th day of September, 2017.

>s/ William C. Griesbach
>
>William C. Griesbach, Chief Judge
>United States District Court